## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1822-NAB |
| | ) | |
| ERDCC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center, to proceed in the district court without prepayment of fees and costs. For the reasons explained below, the Court will allow plaintiff to proceed without prepaying fees or costs, and will assess an initial partial filing fee of $7.03. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's application to proceed in the district court without prepaying fees or costs, which is contained within the body of his complaint, states that he receives $5 per month at Eastern Reception Diagnostic Correctional Center ("ERDCC").[1] Plaintiff's certified account statement submitted as required by 28 U.S.C. § 1915(a)(2), however, shows that he received an average of $35.13 per month from August, 2020 through December, 2020. Based on plaintiff's certified account statement, the Court will grant plaintiff's application to proceed in the district court without prepaying fees or costs and will assess an initial partial filing fee of $7.03, which is twenty percent of his average monthly deposit.

## Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed without prepaying fees and costs if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

---

[1] Although plaintiff is currently incarcerated at MECC, at all times relevant to his complaint he was incarcerated at ERDCC.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

Plaintiff identifies himself as a sovereign citizen, and he states he is a civilly-committed detainee. Review of publicly-available records, however, shows he is actually a convicted and sentenced state prisoner. The complaint is handwritten on two sheets of notebook paper, although it loosely tracks the Court's form Prisoner Civil Rights Complaint. Plaintiff titled the complaint "Prisoner Civil Rights Complaint Under 42 U.S.C. 1983." (ECF No. 2 at 1). In his case caption, plaintiff lists sixteen defendants, all of whom are either institutions or unnamed individuals, including ERDCC, Senator MO, House Rep Mo, governor, Assist Att General, Superintendent,

-3-

Warden, Corizon, etc.   He sues all sixteen defendants in both their individual and official capacities.

Plaintiff's statement of his claim, in full, is as follows:

This is in regards to refusing medical treatment over my back deteriorating joint [disease] over my blood sugars bottoming out over digestive system they do nothing the[y] got 20 years of me coming to D.O.C. and history of all these issues won't do nothing.  This is [individual] lawsuits on each chain of command for each amount then [and] overall one for 1 trillion plus each one what I got down.

*Id.* at 2.

For relief, plaintiff seeks amounts written next to each defendant's title.  For example, he seeks $600 million from Senator, Missouri; $800 million from House of Representatives, Missouri; $1 billion from Governor, Missouri; $4 billion from Lieutenant Governor, Missouri; $8 billion from Assistant Attorney General, Missouri; $16 billion from the Attorney General; $32 billion from MDOC; $64 billion from director, etc.   These amounts continue to increase exponentially until plaintiff reaches defendant Corizon Director, from whom he seeks $800 billion. In addition, plaintiff requests:

Each family member gets a Acorn Account with 5 million dollars in it.  Jason Hill and each family member gets Acorns account with million.

*Id.* at 2.

The complaint is one of more than 130 similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and its facilities and employees, and state political leaders.  Plaintiff typically identifies the individual defendants using the same or similar generic titles that appear in the instant complaint, and the nature of his claims and his demands for relief are roughly the same.  To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed.  For complaints filed

after December 22, 2020, plaintiff is subject to the prisoner three-strikes rule of 28 U.S.C. § 1915(g).

**Discussion**

The complaint is subject to dismissal.  Plaintiff seeks monetary relief from Missouri state entities such as the MDOC and divisions and facilities thereof.  Such a suit is effectively a suit against the State of Missouri.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  The State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999).  Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).  Neither well-established exception to Eleventh Amendment immunity apply. *See Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992).

Plaintiff also seeks monetary relief from numerous individuals he identifies using only generic titles.  Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit

-5-

identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no specific factual allegations regarding any of the individual defendants identified by generic titles, such that their identities could be ascertained after reasonable discovery. His allegations span twenty years and the individuals occupying the defendants' positions, *e.g.*, Senator, Governor, Attorney General, etc., have changed multiple times. This action therefore cannot proceed against the fictitious defendants. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Additionally, to the extent the individuals are employees or officials of the State of Missouri, plaintiff's claims are subject to dismissal. Official capacity claims against such individuals are actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the State official defendants are actually claims against the State itself. However, as noted above, plaintiff cannot sue the State of Missouri under 42 U.S.C. § 1983 because the State is not a "person" for purposes of the statute. *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Plaintiff's individual capacity claims against the individual defendants are also subject to dismissal. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has alleged no facts permitting the inference that any individual did or failed to do anything that amounted to a violation of any of his federally-protected rights. Indeed, the only specific information plaintiff provides regarding each individual is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that

need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Liberally construed, plaintiff's complaint alleges defendants were deliberately indifferent to his deteriorating joint disease and his blood sugar levels over the course of his twenty-years' incarceration within the MDOC. Plaintiff does not allege, however, that any particular defendant actually knew of and disregarded these needs. He alleges no date on which any medical condition was apparent but was not treated. He mentions no defendant who failed to provide any medical care. Plaintiff's vague allegations, spanning the course of twenty years, fail entirely to meet the standard for alleging deliberate indifference, *i.e.*, that he had a serious medical need requiring medical attention and was intentionally denied treatment by a defendant. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

-8-

Additionally, to the extent his allegations arise out of conduct occurring more than five years before the filing of the complaint, these allegations are barred by the five-year statute of limitations applicable to § 1983 claims. There is no statute of limitations contained within 42 U.S.C. § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). Assuming plaintiff had properly pleaded a claim for failure to treat a serious medical need, his complaint still fails because it includes fifteen years of alleged constitutional violations that are barred by the statute of limitations. Having thoroughly reviewed and liberally construed the complaint, the Court has determined it is subject to dismissal because it fails to state a claim upon which relief may be granted.

The complaint is also subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, upon his asserted status as a "sovereign citizen." Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented."). Plaintiff also asserts he is entitled to recover thousands of trillions of dollars in

-9-

damages. The Court concludes that plaintiff's demands rise to the level of the irrational or the wholly incredible, and are therefore "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of more than 130 complaints plaintiff has recently filed in this Court against the MDOC and divisions and facilities thereof including the ERDCC, as well as individual defendants identified using the same generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and stated he intended each set of pleadings be docketed as an individual civil action. It therefore appears plaintiff filed this action as part of a general campaign of harassment, not as a legitimate attempt to vindicate a cognizable right. *See Spencer,* 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right); *see also In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits); *Cochran*, 73 F.3d at 1316 (determining that the court may consider the plaintiff's other litigious conduct when finding a complaint to be malicious).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees or costs, which is contained in the body of the complaint, is **GRANTED**.

-10-

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of \$7.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this _28th_ day of _May_, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE